IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT E. HALL and          )
PAMELA HALL,                 )    Civil Action
                             )    No. 09-cv-03531
          Plaintiffs         )
                             )
     vs.                     )
                             )
SAFECO INSURANCE COMPANY     )
  OF INDIANA,                )
                             )
          Defendant          )

                    *    *    *

APPEARANCES:

          PATRICK J. REILLY, ESQUIRE
               On behalf of Plaintiffs

          CLAUDIA D. McCARRON, ESQUIRE
               On behalf of Defendant


                    *    *    *

                O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

          This matter is before the court on Defendant Safeco
Insurance Company of Indiana's Motion for Partial Summary
Judgment, which motion was filed March 24, 2010.  Plaintiffs
Robert E. Hall and Pamela Hall's Answer to Defendant's Motion for
Partial Summary Judgment was filed on March 29, 2010.  On
February 19, 2010 the parties filed a Stipulation of Undisputed
Facts.

          Oral argument on defendant's motion was held before me
on April 5, 2010.

For the reasons articulated in this Opinion, I grant Defendant Safeco Insurance Company of Indiana's Motion for Partial Summary Judgment. I dismiss the portion of Count I of plaintiffs' Complaint seeking first-party benefits for plaintiff Robert E. Hall's wage loss and medical benefits; and I enter judgment in favor of defendant and against plaintiffs on that portion of Count I of the Complaint.

JURISDICTION

Jurisdiction in this case is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the cause of action allegedly occurred in, Lehigh County, Pennsylvania, which is in this judicial district.

PROCEDURAL HISTORY

On July 2, 2009 plaintiffs Robert E. Hall and Pamela Hall filed suit against defendant Safeco Insurance Company of Indiana ("Safeco") in the Court of Common Pleas of Lehigh County, Pennsylvania in Case No. 2009-C-3390. Plaintiff's four-count Complaint alleges state-law claims for breach of contract (Count I); bad faith liability pursuant to 42 Pa.C.S.A. § 8371 (Count II); unfair trade practices and consumer protection law

violations pursuant to 73 P.S. §§ 201-1 through 201.9.3[1]

(Count III); and fraud and misrepresentation (Count IV).

On August 3, 2009 Safeco filed a Notice of Removal of the Lehigh County action and removed the case to this court. On September 11, 2009 defendant filed its Answer and Affirmative Defenses. On January 7, 2010 I conducted a Rule 16 Status Conference by telephone and set a deadline for defendant to file the within motion and a date for oral argument.[2] As noted above, defendant filed its motion for partial summary judgment on March 24, 2010

## FACTS

Based upon the pleadings, record papers, exhibits and the Stipulation of Undisputed Facts filed by the parties on February 8, 2010, the pertinent facts for purposes of Safeco's partial motion for summary judgment[3] are as follows: _____

---

[1]    Act of December 17, 1968, P.L. 1224, No. 387, §§ 1-9.3, as amended, 73 P.S. §§ 201-1 through 201.9.3.

[2]    During the January 7, 2010 telephone conference, the parties indicated that an initial determination on the issue of whether there is coverage for Robert E. Hall's claim for first-party wage loss and medical benefits may result in a settlement of the other claims contained in plaintiff's Complaint. Thus, I concluded that it was appropriate to bifurcate the issue of coverage for first-party wage loss and medical benefits from the other claims in this matter.

[3]    Defendant Safeco is seeking partial summary judgment on that portion of Count I of plaintiffs' Complaint seeking first party benefits on behalf of plaintiffs for plaintiff Robert E. Hall's wage loss and medical benefits. Plaintiffs also include a claim in Count I for breach of contract for failure to provide third party benefits regarding appointment of counsel

(Footnote 3 continued):

This matter arises from a November 25, 2005 motor vehicle accident involving plaintiff, Robert E. Hall. On that date Mr. Hall left P.J. Whelihan's bar in Allentown, Lehigh County, Pennsylvania, and was involved in a vehicle accident with Anthony Severo. Mr. Severo was killed instantly as a result of the collision. Mr. Hall was also injured as a result of the accident.

At the time of the accident, the alcohol concentration in Mr. Hall's blood or breath ("blood alcohol content") was at least 0.10% but less than 0.16%, as charged in the police criminal complaint. See 75 Pa.C.S.A. § 3802(b). Mr. Hall was cited for numerous violations including: (1) Involuntary manslaughter in violation of 18 Pa.C.S.A. § 2504 (subsequently withdrawn); (2) Homicide by vehicle in violation of 75 Pa.C.S.A. § 3732; and (3) Homicide by vehicle while driving under influence in violation of 75 Pa.C.S.A. § 3735(a).

Mr. Hall ultimately pled guilty to charges relating to the accident including Homicide by vehicle (a felony); Homicide by vehicle while driving under influence (a felony); Driving under influence of alcohol or controlled substance in violation of 75 Pa.C.S.A. § 3802 (a misdemeanor); and Recklessly

(Continuation of footnote 3):

and indemnification regarding the separate action brought against plaintiffs by the Estate of Anthony Severo. It does not appear from the parties stipulated facts that there is a dispute regarding whether plaintiffs were provided counsel and indemnification (they were), but that issue is not before the court on the current motion.

endangering another person in violation of 18 Pa.C.S.A. § 2705 (a misdemeanor of the second degree).

At the time of the accident, plaintiff's vehicle was covered by a Safeco personal automobile insurance policy, Policy No. K1814412.

The Estate of Anthony Severo commenced a lawsuit against Mr. Hall and P.J. Whelihan's seeking damages for Mr. Severo's wrongful death in the Court of Common Pleas for Lehigh County, Pennsylvania, Case Number 2007-C-4285. In response to the lawsuit, Safeco provided both indemnification and a defense to Mr. Hall. Safeco assigned the defense of the third-party claim brought by the Estate of Anthony Severo to Lois Shenk, Esquire.

On April 12, 2007 Safeco entered into a partial release with the Estate of Anthony Severo in the amount of $178,571.42. Subsequently, Safeco tendered its full policy limit of $250,000. On December 1, 2009 Safeco entered into a full and final general release in that amount with the Estate of Anthony Severo. On December 28, 2009 Lehigh County Common Pleas Judge Michelle A. Varricchio entered a decree approving the settlement of the wrongful death and survival claims brought by the Estate of Anthony Severo.

The Safeco insurance policy with Mr. Hall provided for first party benefits (wage loss and medical benefits). On

April 19, 2006, Mr. Hall submitted an application for first party benefits under the Safeco policy.  On July 6, 2007 Safeco issued a formal denial of Mr. Hall's application for wage loss and medical benefits.

The insurance contract between the parties was issued in the names of both Robert E. Hall and Pamela Hall.  However, a review of plaintiffs' Complaint does not indicate any claim by Pamela Hall for first party benefits.

## STANDARD OF REVIEW

In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); <u>Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company</u>, 316 F.3d 431, 433 (3d Cir. 2003).  Only facts that may affect the outcome of a case are "material".  Moreover, all reasonable inferences from the record are drawn in favor of the non-movant.  <u>Anderson</u>, <u>supra</u>.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on

which it bears the burden of proof.  See Watson v. Eastman Kodak Company, 235 F.3d 851, 858 (3d Cir. 2000).

Plaintiff cannot avert summary judgment with speculation or by resting on the allegations in its pleadings, but rather must present competent evidence from which a jury could reasonably find in its favor.  Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F.Supp. 179, 184 (E.D.Pa. 1995).

### CONTENTIONS OF THE PARTIES

### Contentions of Defendant

Defendant contends that the plain and unambiguous terms of the Safeco policy provides in pertinent part: "We do not provide First Party Benefits Coverage for bodily injury suffered by any insured:...[w]hile committing a felony,".[4]  Defendant argues that this policy exclusion expresses the public policy mandate of  75 Pa.C.S.A. § 1718 that an insurance carrier must exclude first party benefits to a claimant injured in the course of a felony.

Defendant contends that it is undisputed that plaintiff Robert Hall pled guilty to two felonies (Homicide by vehicle while driving under the influence in violation of 75 Pa.C.S.A. § 3735 (which defendant refers to as "homicide by intoxicated driving") and Homicide by vehicle in violation of 75 Pa.C.S.A.

---

[4]    See Exhibit B to Defendant Safeco Insurance Company of Indiana's Motion for Partial Summary Judgment ("defendant's motion"), page 5.

§ 3732 (which defendant refers to as "homicide by reckless or grossly negligent driving")).  Thus, defendant asserts that under the terms of the Safeco policy and applicable Pennsylvania law, Robert Hall is not entitled to first party wage loss or medical benefits.

In addition, defendant avers that plaintiff misapplies the provision of 75 Pa.C.S.A. § 1724.[5]  Defendant contends that § 1724 is not implicated for two reasons.

First, defendant asserts that plaintiff Robert Hall was convicted of a felony which does not include the element of intoxication, namely, Homicide by vehicle in violation of 75 Pa.C.S.A. § 3732.[6]  Thus, defendant asserts that coverage was not denied because of anything to do with Mr. Hall's intoxication.  Rather, it was because of Mr. Hall's reckless or grossly negligent driving.

Second, defendant argues that even if Robert Hall had pled guilty only to a felony involving intoxication, section 1724 would not apply because the conduct by which Mr. Hall forfeited

---

[5]     As indicated in the Discussion below, section 1724 provides in part that "[i]nsurance benefits may not be denied solely because the driver...is determined to be under the influence of...intoxicating beverages at the time of the accident...."  75 Pa.C.S.A. § 1724(a).

[6]     As indicated in the Discussion below, section 3723 provides in part that "[a]ny person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth...applying to the operation...of a vehicle...except...driving under the influence of alcohol...is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death."

his coverage was not <u>solely</u> driving while intoxicated, but rather, an egregious felony resulting in the death of another.

Next, defendant asserts that plaintiffs argument –- that section 3732 (Homicide by vehicle, which defendant refers to as "homicide by reckless or grossly negligent driving") was not a felony at the time when 75 Pa.C.S.A. § 1718 was enacted -- is misplaced.  Defendant argues that 75 Pa.C.S.A. § 3732 was a felony at the time the Safeco policy was issued in 2005.  Also, defendant asserts that the use of the term "felony" in section 1718 must be given its plain and unambiguous meaning.  Thus, defendant contends that the plain language of the statute provides the best indication of legislative intent.

Defendant further argues that the use of the word "felony" was intended to capture all egregious behavior deemed worthy of that categorization by the legislature.  Defendant asserts that there is no indication in section 1718 that it was intended to be limited to felonies that were in place at the time the Motor Vehicle Financial Responsibility Law was enacted.

Thus, defendant contends that because there is an applicable exclusion in the contract between the parties, Safeco has not breached any duty to pay first party wage loss and medical benefits to plaintiff Robert Hall and that summary judgment should be granted on the portion of Count I of

plaintiffs' Complaint seeking first party wage loss and medical benefits for him.

Contentions of Plaintiffs

Plaintiffs assert that the language of the "felony exclusion" contained in the Safeco policy is in conflict with Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL")[7]. Therefore, plaintiffs assert that the felony exclusion provision in the insurance contract between the parties is void as a matter of public policy. As such, Safeco's denial of first party benefits to plaintiffs was improper.

Plaintiffs argue that pursuant to the decision of the Superior Court of Pennsylvania in Pecorara v. Erie Insurance Exchange, 408 Pa.Super. 153, 156, 596 A.2d 237, 239 (1991), Pennsylvania law mandates that exclusions to an insurer's general liability are narrowly construed against the insurer. In addition, pursuant to the Supreme Court of Pennsylvania's decision in Generette v. Donegal Mutual Insurance Company, 598 Pa. 505, 522, 957 A.2d 1180, 1190-1191 (2008), provisions of the contract of insurance that are in conflict with statutory provisions are invalid and must yield to the statute.

In this case, plaintiffs contend that the plain language of section 1724(b) of the MVFRL mandates that provisions in an insurance policy which exclude benefits if the insured

---

[7]     75 Pa.C.S.A. §§ 1701-1799.7.

causes a vehicular accident while under the influence of drugs or intoxicating beverages at the time of the accident are void. Plaintiffs assert that the insurance policy exclusion in this case attempts to deny coverage because Robert Hall pled guilty to a homicide which occurred while he was driving under the influence of alcohol.

Plaintiffs further contend that sections 1718 and 1724 of the MVFRL are in direct conflict with one another and when analyzed under Pennsylvania's Statutory Construction Act, require a finding that the felony exclusion in the Safeco insurance contract is void and unenforceable. For the following reasons, I disagree with plaintiffs.

<u>DISCUSSION</u>

There are three elements necessary to establish a cause of action for breach of contract in Pennsylvania: (1) the existence of a contract, including its essential terms; (2) breach of a duty imposed by the contract; and (3) resultant damages. <u>Williams v. Nationwide Mutual Insurance Company</u>, 750 A.2d 881, 884 (Pa.Super. 2000).

In this case there is no dispute that a contract of insurance existed between the parties.[8] There is also no dispute that plaintiff Robert Hall was injured, that first party benefits are contemplated by the contract and that Mr. Hall suffered

---

[8]     <u>See</u> Stipulation of Undisputed Facts, paragraph 8.

-11-

damages.[9]  The only disputed issue before the court on this
motion for partial summary judgment is whether defendant breached
its duty to pay first party benefits to plaintiff Robert Hall.

Whether a claim for insurance benefits is covered by a
policy is a matter of law, which may be determined on a motion
for summary judgment.  Nordi v. Keystone Health Plan West, Inc.,
989 A.2d 376, 389-390 (Pa.Super 2010).

In support of its motion for summary judgment,
defendant contends that denial of plaintiffs' first party
benefits was proper under the insurance policy between the
parties and the application of Pennsylvania law.  The relevant
portions of the parties insurance contract are as follows:

**FIRST PARTY BENEFITS COVERAGE**

**DEFINITIONS**

**A.  "The Act"** refers to the Pennsylvania Motor
Vehicle Responsibility Law.

* * *

**INSURING AGREEMENT**

**A.  FIRST PARTY BENEFIT**

We will pay, in accordance with the Act, the First
party benefit to or for an **insured** who sustains
**bodily injury**.  The **bodily injury** must be caused
by an accident arising out of the maintenance or
use of a **motor vehicle**.

Subject to the limits shown in the Declarations,
First Party Benefits consist of the following:

_____

[9]     See Stipulation of Undisputed Facts, paragraphs 4 and 15-17.

-12-

1.  Medical Expenses

                    * * *

2.  Work loss

                    * * *

**EXCLUSIONS**

**A.**  We do not provide First Party Benefits
Coverage for **bodily injury** sustained by any
**insured**:

                    * * *

       **1.**  While committing a felony.

See Exhibit B to Defendant Safeco Insurance Company of Indiana's

Motion for Partial Summary Judgment (emphasis in original).

       In addition to the exclusion contained in the contract

between the parties, defendant also relies upon 75 Pa.C.S.A.

§ 1718 which states in pertinent part:

           **§ 1718. Exclusion from benefits**

               **(a) General rule.-**An insurer shall exclude
               from benefits any insured, or his personal
               representative, under a policy enumerated in
               section 1711 (relating to required benefits)
               or 1712 (relating to availability of
               benefits), when the conduct of the insured
               contributed to the injury sustained by the
               insured on any of the following ways:

                    * * *

               (2) While committing a felony.

75 Pa.C.S.A. § 1718(a)(2).

       Mr. Hall was convicted of two felonies.  Specifically,

he was convicted of Homicide by vehicle in violation of

75 Pa.C.S.A. § 3732 and Homicide by vehicle while driving under influence in violation of 75 Pa.C.S.A. § 3735.

Homicide by vehicle is defined under Pennsylvania law as follows:

### § 3732.  Homicide by vehicle

**(a) Offense.-**Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under the influence of alcohol or controlled substances) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

75 Pa.C.S.A. § 3732(a).

Homicide by vehicle while driving under influence is defined in part as follows:

### § 3735.  Homicide by vehicle while driving under influence

**(a) Offense.-**Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death....

75 Pa.C.S.A. § 3735(a).

As noted above, Mr. Hall was also convicted of Driving under influence of alcohol or controlled substance and Recklessly endangering another person.

In opposition to defendant's motion for summary judgment, plaintiffs rely on 75 Pa.C.S.A. § 1724, which provides as follows:

### § 1724.  Certain nonexcludable conditions

**(a) General rule.-**Insurance benefits may not be denied solely because the driver of the insured motor vehicle is determined to be under the influence of drugs or intoxicating beverages at the time of the accident for which benefits are sought.

**(b) Contract exclusions.-**Provisions of an insurance policy which exclude insurance benefits if the insured causes a vehicular accident while under the influence of drugs or intoxicating beverages at the time of the accident are void.

Plaintiffs contend that sections 1718(a)(2) and 1724(b) are in direct conflict.  Plaintiff Robert Hall asserts that he was intoxicated at the time of the accident, and that fact cannot be separated from the two felonies to which he pled guilty. Essentially, what plaintiff argues is that if alcohol plays any role in an accident, section 1724 precludes denial of first party benefits.

Defendant asserts that there is neither a conflict between the statutes nor any conflict with the statutes and the language of the insurance contract.  Specifically, defendant argues that Homicide by vehicle and Homicide by vehicle while driving under influence are separate and distinct crimes and that

plaintiff's conviction of the separate felony of Homicide by vehicle warrants application of the policy exclusion.

As a preliminary matter, because it appears that there is no decision on this legal issue from the Supreme Court of Pennsylvania, I must decide whether sections 1718(a)(2) and 1724(b) are in direct conflict or if the language of the insurance policy is in conflict with the applicable statutes. As a United States District Court exercising diversity jurisdiction, I am obliged to apply the substantive law of Pennsylvania. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

If the Supreme Court of Pennsylvania has not addressed a precise issue, a prediction must be made, taking into consideration "relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." Nationwide Mutual Insurance Company v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000) (citation omitted).

"The opinions of intermediate state courts are 'not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court in the state would decide otherwise.'" 230 F.3d at 637 (citing West v. American Telephone

and Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940)).

"Words in an insurance policy must be given a reasonable and normal interpretation." Progressive Northern Insurance Company v. Schneck, 572 Pa. 216, 220-221, 813 A.2d 828, 831 (2002). Moreover, where the language of an insurance contract is clear and unambiguous, the court is required to give effect to that language. Standard Venetian Blind Co. v. American Empire Insurance Co., 503 Pa. 300, 305, 469 A.2d 563, 566 (1983).

Exclusions to an insurer's general liability are narrowly construed against the insurer. Pecorara, 408 Pa.Super. at 156, 596 A.2d at 239. In addition, provisions of the contract of insurance that are in conflict with statutory provisions are invalid and must yield to the statute. Generette, 598 Pa. at 522, 957 A.2d at 1190-1191.

In resolving the issues before the court, I recognize certain basic principals involving the Pennsylvania MVFRL as articulated by the Superior Court of Pennsylvania in Danko v. Erie Insurance Exchange, 428 Pa.Super. 223, 630 A.2d 1219 (1993).

> [T]he MVFRL was enacted as a means of insurance reform to reduce the escalating costs of purchasing motor vehicle insurance in our Commonwealth. However, underlying objective of the MVFRL is to provide broad coverage to assure the financial integrity of the policyholder. The Law is to be construed liberally to afford the greatest possible coverage to injured claimants.

> In close or doubtful insurance cases, it is well-
> established that a court should resolve the
> meaning of insurance policy provisions or the
> legislative intent in favor of coverage for the
> insured.

428 Pa.Super. at 229, 630 A.2d at 1222 (internal citations
omitted).

However, specific and clear statutory language cannot
be ignored under the guise of liberal construction or public
policy considerations.  Toner v. Nationwide Insurance Co.,
415 Pa.Super. 617, 622, 610 A.2d 53, 56 (1992).  Furthermore, the
MVFRL reflects a legislative purpose of restricting, not
expanding first party insurance benefits.  See Huber v. Erie
Insurance Exchange, 402 Pa.Super 443, 587 A.2d 333 (1991).

In reviewing the statutory and contract language in
relation to the facts of this matter, I conclude that sections
1718(a)(2) and 1724(b) are not in conflict.  Specifically, the
facts here indicate that plaintiff pled guilty to two different
felonies, Homicide by vehicle and Homicide by vehicle while
driving under influence.  In addition, plaintiff pled guilty to
Driving under influence of alcohol or controlled substance and
for Recklessly endangering another person.[10]

---

[10]    Nowhere in the record does it indicate what statutory section
plaintiff Robert E. Hall pled guilty to for the crime of "reckless
endangerment".  However, the parties stipulate that Mr. Hall did in fact plead
guilty to this charge.  See Stipulation of Undisputed Facts, paragraph 7.  I
presume that the parties are referring to the crime of Recklessly endangering
another person in violation of 18 Pa.C.S.A. § 2705, and I have referred to it
by that name throughout this Opinion.

In this case, the language of the insurance policy excluding coverage of first party benefits where bodily injury suffered by the insured occurs in the commission of a felony is unambiguous and consistent with the Pennsylvania legislature's unambiguous mandatory exclusion language in 75 Pa.C.S.A. § 1718(a)(2).

Furthermore, I predict, contrary to plaintiffs' assertions, that the Supreme Court of Pennsylvania would find no conflict between § 1718(a)(2) and § 1724. Section 1718(a)(2) mandates insurance companies to exclude coverage to insureds who are injured in the commission of a felony. It is clear in section 1724 that an insurer may not decline coverage "solely" because the driver of the insured vehicle is under the influence of alcohol and that any such exclusionary language is void as a matter of law. Here, coverage was not declined because Mr. Hall was intoxicated, but rather because he committed a felony, legally unrelated to his intoxication.

Mr. Hall's conviction for Homicide by vehicle required that plaintiff be convicted of another offense (other than Driving under influence of alcohol or controlled substance). Plaintiff was convicted of Recklessly endangering another person, which is the separate conviction which sustains the separate felony Homicide by vehicle conviction (Homicide by vehicle requires a violation of law separate and apart from a violation

of section 3802) and is separate from his felony conviction for Homicide by vehicle while driving under influence (which requires a violation of section 3802). The two felonies are separate offenses.

In <u>Commonwealth of Pennsylvania v. Collins</u>, 564 Pa. 144, 764 A.2d 1056 (2001), the Supreme Court of Pennsylvania specifically held that violation of 75 Pa.C.S.A. § 3732 (Homicide by vehicle) did not merge for sentencing purposes with a violation of 75 Pa.C.S.A. § 3735 (Homicide by vehicle while driving under influence). The Supreme Court further held that the elements of the two offenses are mutual exclusive.

In applying <u>Collins</u> to this matter, the Homicide by vehicle conviction is a conviction that does not include intoxication. Hence, defendant's denial of first-party benefits is not based upon Mr. Hall's intoxication at the time of the accident, let alone <u>solely</u> based upon his intoxication.

Because I conclude that defendant's policy exclusion is appropriate based upon plaintiff's conviction for the felony of Homicide by vehicle, it is unnecessary to address defendant's alternative argument that a conviction for Homicide by vehicle while driving under influence would separately exclude coverage under the policy because such an exclusion would not be solely related to plaintiff's intoxication but would also be based upon

plaintiff's commission of an egregious felony resulting in the death of another.

Next, I address plaintiff's reliance on the broad language of <u>Danko</u>, <u>supra</u>, concerning the general policies of Pennsylvania law on first-party benefits.  The general policies outlined in <u>Danko</u> include: (1) that the MVFRL is to provide broad coverage to assure the financial integrity of the policyholder; (2) the law is to be construed liberally to afford the greatest possible coverage to injured claimants; and (3) in close or doubtful insurance cases, a court should resolve the meaning of insurance policy provisions or the legislative intent in favor of coverage for the insured.

Plaintiff contends that all of these general policies favor plaintiff.  Specifically, he is the policyholder; he was injured; and this is a close case that should be construed in his favor.  Based upon these general policies, plaintiff Robert Hall argues that defendant should be required to pay him his first-party wage loss and medical benefits.  For the following reasons, I conclude that plaintiff's policy arguments must fail.

Contrary to the general policy statements set forth in <u>Danko</u>, the Superior Court of Pennsylvania explained in <u>Donegal Mutual Insurance Company v. Long</u>, 387 Pa.Super. 574, 564 A.2d 937 (Pa.Super. 1989) that the "legislative history of [the MVFRL} establishes that section 1724 was enacted primarily to prohibit

rental car agencies from excluding coverage for liability arising from the intoxication of the driver....” 387 Pa.Super. at 583, 564 A.2d at 942.

Furthermore, as stated by my colleague United States District Judge Eduardo C. Robreno: “the public policy behind the MVFRL generally and § 1724(b) specifically is to afford victims of automobile accidents access to the insurance coverage of the intoxicated driver and not, as plaintiff suggests, to allow the intoxicated driver to obtain coverage for himself.” Sobczak v. JC Penny Life Insurance Co., 1997 U.S.Dist. LEXIS 1801 at *8-9 (E.D.Pa. Feb. 19, 1997)(Robreno, J.).

Accordingly, taking into account the relevant state precedents, analogous decisions and the other considerations I am required to review, Nationwide Mutual, supra, I predict that, if confronted with the issue, the Supreme Court of Pennsylvania would determine that sections 1718(a)(2) and section 1724 are not in conflict and that section 1724 would not apply in a case like this because the MVFRL was not enacted for the purpose of providing first-party benefits to intoxicated drivers like plaintiff.

Finally, because I find no conflict between sections 1718(a)(2) and 1724, I conclude that it is not necessary to specifically address plaintiffs’ statutory construction argument.

## CONCLUSION

For all the foregoing reasons, I grant Defendant Safeco Insurance Company of Indiana's Motion for Partial Summary Judgment and dismiss that portion of Count I of plaintiffs' Complaint seeking first party benefits for Robert E. Hall's wage loss and medical benefits.